IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JIANQUN ZHANG, ) <br> ) <br> Plaintiff, ) <br> ) <br> THE INDIVIDUALS, CORPORATIONS, ) <br> LIMITED LIABILITY COMPANIES, ) <br> PARTNERSHIPS, and ) <br> UNINCORPORATED ASSOCIATIONS ) <br> IDENTIFIED ON SCHEDULE "A," ) <br> ) <br> Defendant. ) | Case No. 25 C 10737 |

### ORDER DISMISSING CASE

Jianqun Zhang has sued sixteen defendants alleging infringement of a design patent and a trade dress. The patented design and trade dress concern a "ladder stabilizer" device. Zhang is a citizen and resident of China. Zhang moved for entry of an *ex parte* temporary restraining order, asking to bar the defendants, which sell via various online platforms, from selling the allegedly infringing items and from infringing his design patent and trade dress, and also asking the Court to freeze the funds in the defendants' accounts with the various platforms.

Zhang's complaint does not identify where the defendants are located, but it is likely that most or all of them are based in countries other than the United States. Zhang does not allege that any of the defendants have any physical presence in Illinois, or for that matter in the United States. In addition, neither the complaint nor the motion for a TRO allege, let alone support, any actual sales of infringing items into Illinois by any of the defendants. Rather, the complaint essentially says that the products are available for sale to Illinois residents, which is likely true of virtually everything sold via

the Internet. Simply having a website that enables Illinois residents to purchase products is not enough for personal jurisdiction in this state. As this Court's colleague Judge Jorge Alonso recently stated:

> "Having an 'interactive website' . . . should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible." *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014). However, a defendant's commercial website can give rise to specific personal jurisdiction when the defendant "stood ready and willing to do business with Illinois residents" *and "knowingly did do business with Illinois residents*." *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 758 (7th Cir. 2010).

*GZ Long Ya Trading Co. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 24 C 4193, 2025 WL 622926, at *2 (N.D. Ill. Feb. 26, 2025) (emphasis added).

Plaintiff's complaint and TRO materials fell short on the last of the points cited by Judge Alonso. Plaintiff offered nothing indicating that defendant "*did do business*" with Illinois residents, as opposed to simply operating a website on which its products were available to Illinois residents and everyone else. So the Court entered an order to show cause that included the following language:

> Plaintiff is an individual residing China who has sued entities whose locations are unknown (or at least undisclosed in the complaint) for selling items that infringe plaintiff's U.S. design patent and its trade dress. Plaintiff alleges only "on information and belief" that the defendants have sold their products into Illinois; neither the complaint nor the motion for a TRO offer any evidence--at least none that the Court can find--of confirmed or actual sales into Illinois prior to the filing of suit. Simply having a website from which Illinois consumers may purchase products is not enough, and that is essentially all that plaintiff has alleged. Plaintiff's motion for entry of a TRO is entered and continued, and plaintiff is ordered to show cause in writing by 12/9/2025 why the case should not be dismissed for lack of a sufficient allegation (or showing) of personal jurisdiction.

Order of Nov. 27, 2025 (dkt. 13).

In response, Zhang says that purchases of infringing products were made from the first four defendants prior to the lawsuit, but he does not say where the purchased

2

items were sent. During a telephonic hearing on the order to show cause, however, Zhang's counsel reported that the items were delivered to places other than Illinois. Regarding defendants five through sixteen, no pre-suit purchases were made. *See* Pl.'s Rep. to Order to Show Cause at 1. One sale to a person within the forum states is enough, even if that sale and shipment is procured by an agent of the plaintiff or plaintiff's attorney. *See NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 624-25 (7th Cir. 2022). In this case, however, Zhang has not identified any actual sales of infringing items ordered by Illinois residents or shipments to Illinois addresses predating the lawsuit.

The only sales into the district identified by plaintiff in his response to the order to show cause were sales by three defendants (Huayunwanli, DICATTE US, and Buildcore) made on November 27-28, 2025. Binding precedent holds, however, that contacts that postdate the filing of the lawsuit (which in this case was in early September) cannot be used to establish personal jurisdiction over a defendant. In *Matlin v. Spin Master Corp.*, 921 F.3d 701 (7th Cir. 2019), the Seventh Circuit addressed a similar scenario in which the plaintiff attempted to establish a basis for personal jurisdiction after filing the lawsuit. That did not fly:

> In this case, Matlin and Waring attempted to salvage personal jurisdiction—*after* the defendants moved to dismiss—by luring them into shipping a product into Illinois. Because specific personal jurisdiction derives from the plaintiffs' relevant contacts with the forum, we cannot allow plaintiffs to base jurisdiction on a contact that did not exist at the time they filed suit. The plaintiffs' tactics flout the due process limitations on personal jurisdiction,

*Id.* at 707.

In sum, Zhang cites no actual pre-lawsuit sales initiated by Illinois residents or deliveries into Illinois. All he has offered for the pre-lawsuit period is the availability of

3

defendant's website for sales to Illinois residents—which, as the Court has indicated, is not enough. The Court concludes that personal jurisdiction is lacking.

## Conclusion

For the reasons stated above, the Court dismisses this case for lack of personal jurisdiction over the defendants. The Clerk is directed to enter judgment stating: This case is dismissed for lack of personal jurisdiction. Plaintiff is reminded that if this case is later refiled against some or all of the defendants based on a satisfactory showing of jurisdictional facts predating the refiling of the lawsuit, counsel must, under Local Rule 40.3(b)(2), designate the new case on the civil cover sheet as a refiling of the present dismissed case, and the case will be subject to direct assignment to the undersigned judge.

Date: December 19, 2025

_____
MATTHEW F. KENNELLY
United States District Judge